1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARIBEL DOMANTAY,                        No. 2:15-cv-0788-MCE-KJN PS

12             Plaintiffs,

13        v.                                   ORDER and FINDINGS AND
                                               RECOMMENDATIONS
14   NDEX WEST, LLC, et al.,

15             Defendants.

16

17        Plaintiff Maribel Domantay, who proceeds without counsel, commenced this action on

18   January 20, 2015, in the Solano County Superior Court, which was subsequently removed to this

19   court by defendants pursuant to this court's diversity jurisdiction.  (ECF No. 1.)  On April 17,

20   2015, defendant World Savings Bank filed a motion to dismiss plaintiff's complaint pursuant to

21   Rule 12(b)(6) and other grounds.  (ECF No. 7.)  Plaintiff twice failed to file an opposition to this

22   motion to dismiss, despite plaintiff having been clearly warned of the consequences for failing to

23   do so.  Because of this repeated failure, and for the reasons set forth below, the undersigned

24   recommends that plaintiff's case be dismissed with prejudice and that this case be closed.

25   I.       BACKGROUND

26        Defendants removed this action to this court on April 10, 2015.  (ECF No. 1.)  That same

27   day, the court issued an order setting a status conference.  (ECF No. 2.)  That order advised the

28   parties that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in

1

1  dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants

2  must comply with the procedural rules." (<u>Id.</u> at 3.)  Additionally, it cautioned the parties that

3  "pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days

4  preceding the noticed hearing date.  The Rule further provides that 'no party will be entitled to be

5  heard in opposition to a motion at oral arguments if written opposition to the motion has not been

6  timely filed by that party.'  Moreover, Local Rule 230(i) provides that failure to appear may be

7  deemed withdrawal of opposition to the motion or may result in sanctions." (<u>Id.</u>)  Finally, the

8  order notified the parties that "Local Rule 110 provides that failure to comply with the Local

9  Rules 'may be grounds for imposition of any and all sanctions authorized by statute or Rule or

10  within the inherent power of the Court.'" (<u>Id.</u>)

11          On April 17, 2015, defendant World Bank filed a motion to dismiss plaintiff's complaint

12  pursuant to Federal Rule of Civil Procedure 12(b)(6) and other grounds.  (ECF No. 7.)  The

13  motion to dismiss was noticed for hearing on May 21, 2015.  (<u>Id.</u>)  As noted above, pursuant to

14  this court's Local Rules, plaintiff was obligated to file and serve a written opposition, or a

15  statement of non-opposition, to the pending motion at least fourteen (14) days prior to the hearing

16  date, or May 7, 2015.  <u>See</u> E.D. Cal. L.R. 230(c).  However, plaintiff failed to file an opposition

17  or statement of non-opposition to the motion by that deadline.

18          As a result of plaintiff's failure, but in light of her pro se status, the undersigned issued an

19  order on May 11, 2015, continuing the hearing on the motion to dismiss until June 18, 2015, and

20  providing plaintiff with an additional opportunity to file an opposition or statement of non-

21  opposition to the motion on or before June 4, 2015.  (ECF No. 10.)  In that order, the undersigned

22  specifically warned plaintiff that her "failure to file a written opposition will be deemed a

23  statement of non-opposition to the pending motion and consent to the granting of the motion, and

24  shall constitute an additional ground for the imposition of appropriate sanctions, including a

25  recommendation that plaintiffs' entire case be involuntarily dismissed with prejudice pursuant to

26  Federal Rule of Civil Procedure 41(b)." (<u>Id.</u> at 3).  The order also advised plaintiff as follows:

27  ////

28  ////

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[1]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

(Id. at 2-3.)  Although the June 4, 2015 deadline has now passed, the court's docket reveals that plaintiff again failed to file an opposition to the motion to dismiss.

////

////

////

---

[1]   The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

1   II.      DISCUSSION

2          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

3   for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

4   comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

5   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte*

6   to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

7   Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

8   to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or

9   comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258,

10   1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may

11   dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291

12   F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to

13   prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules

14   are in accord.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these

15   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

16   sanctions authorized by statute or Rule or within the inherent power of the Court"); E.D. Cal. L.R.

17   183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

18   Procedure, the court's Local Rules, and other applicable law may support, among other things,

19   dismissal of that party's action).

20          A court must weigh five factors in determining whether to dismiss a case for failure to

21   prosecute, failure to comply with a court order, or failure to comply with a district court's local

22   rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

23          (1) the public's interest in expeditious resolution of litigation;     (2) the court's
         need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public
24          policy favoring disposition of cases on their merits; and (5) the availability of less
25          drastic alternatives.

26   Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

27   1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

28   conditions precedent before the judge can do anything, but a way for a district judge to think

4

1  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

2  (9th Cir. 2006).

3       Although involuntary dismissal can be a harsh remedy, on balance the five relevant

4  factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal

5  of this action.  Plaintiff's repeated failure to oppose defendant's motion to dismiss, despite clear

6  warnings of the consequences, strongly suggests that plaintiff has abandoned this action or is not

7  interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th

8  Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").

9  Any further time spent by the court on this case, which plaintiffs has demonstrated a lack of any

10  serious intention to pursue, will consume scarce judicial resources and take away from other

11  active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to

12  manage their dockets without being subject to noncompliant litigants).

13       In addition, the third factor, which considers prejudice to a defendant, should be given

14  some weight.  See Ferdik, 963 F.2d at 1262.  Here, defendants have been named in a lawsuit that

15  plaintiff has effectively abandoned.  At a minimum, defendants have been prevented from

16  attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this

17  action.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine

18  (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

19       The fifth factor, which considers the availability of less drastic measures, also supports

20  dismissal of this action.  As noted above, the court has actually pursued remedies that are less

21  drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132

22  (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually

23  tries alternatives before employing the ultimate sanction of dismissal").  Before recommending

24  dismissal, the court granted plaintiff an additional opportunity to oppose the motion to dismiss

25  and advised plaintiff that she was required to actively prosecute the action and follow the court's

26  orders.  It also warned plaintiff in clear terms that failure to oppose the motion to dismiss, or file a

27  statement of non-opposition to the motion, would result in a recommendation of dismissal of the

28  action with prejudice.  Warning a plaintiff that failure to take steps towards resolution of his or

1    her action on the merits will result in dismissal satisfies the requirement that the court consider

2    the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district

3    court's warning to a party that his failure to obey the court's order will result in dismissal can

4    satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).  In

5    any event, the court finds no suitable alternative to a recommendation for dismissal at this

6    juncture.  Because plaintiff has not made any attempt to comply with the court's prior orders, the

7    court has little confidence that plaintiff would pay monetary sanctions if they were to be imposed

8    in lieu of dismissing the case.

9         The court also recognizes the importance of giving due weight to the fourth factor, which

10   addresses the public policy favoring disposition of cases on the merits.  However, for the reasons

11   set forth above, factors one, two, three, and five strongly support a recommendation of dismissal

12   of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

13   at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

14   Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

15   omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

16   public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

17   anything, a disposition on the merits has been hindered by plaintiff's own failure to prosecute the

18   case and comply with court orders.

19   III.   CONCLUSION

20        For the foregoing reasons, IT IS HEREBY ORDERED that:

21        1.  The June 18, 2015 hearing on defendant's World Savings Bank's motion to dismiss is

22   VACATED.

23        2.  The September 17, 2015 status conference is VACATED.  If necessary, the court will

24   reset the date of that conference.

25        Furthermore, IT IS HEREBY RECOMMENDED that:

26        1.  Plaintiff's action be DISMISSED WITH PREJUDICE pursuant to Federal Rule of

27   Civil Procedure 41(b) for failure to prosecute the action and failure to follow the Local Rules and

28   the court's orders.

2. Defendant World Savings Bank's motion to dismiss (ECF No. 7) be DENIED AS MOOT.

3. The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  June 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE