1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  MARIBEL DOMANTAY,                          No. 2:15-cv-0788-MCE-KJN PS

12                  Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14  NDEX WEST, LLC, et al.,

15                  Defendants.

16

17          Presently before the court is defendant Wells Fargo Bank, N.A.'s ("defendant") motion to

18  dismiss plaintiff Maribel Domantay's ("plaintiff") complaint pursuant to Federal Rule of Civil

19  Procedure 12(b)(6).   (ECF No. 7.)  Plaintiff filed an opposition and defendant filed a reply.  (ECF

20  Nos. 12, 13.)  The undersigned has fully considered the parties' written briefing, appropriate

21  portions of the record, and the applicable law.[1]   For the reasons that follow, the court

22  recommends that defendant's motion to dismiss be granted in full and this action be dismissed

23  with prejudice.

24  ////

25  ////

26  ////

27  _____

28  [1] This motion was submitted on the record and briefs without oral argument pursuant to Local
    Rule 230(g).  (ECF No. 14.)

                                                 1

1    I.      Background

2            A.      *Procedural History*

3            Plaintiff, who is proceeding without counsel in this action, filed her complaint on January

4    20, 2015, in the Solano County Superior Court naming NDEX West, LLC and World Savings

5    Bank, FSB[2] as defendants.  (ECF No. 1-1.)  While the case was pending in the state court, NDEX

6    West, LLC timely filed a declaration of non-monetary status pursuant to California Civil Code §

7    2924l (ECF No. 1-1 at 58-87), and, therefore, is only a nominal party to this action not subject to

8    monetary damages.[3]

9            The action was subsequently removed to this court by defendant pursuant to this court's

10   diversity jurisdiction.[4]  (ECF No. 1.)  On April 17, 2015, defendant filed a motion to dismiss

11   ―――――――――――――――――――

12   [2] World Savings Bank, FSB merged into Wells Fargo Bank, N.A. on November 1, 2009, as the
     result of a series of name changes and mergers.  (ECF No.1-1 at 88-98.)  Defendant documents

13   this merger through its request for judicial notice, which is discussed in more detail below.

14   [3] Pursuant to California Civil Code § 2924l, a trustee may file a declaration of nonmonetary status
     "[i]n the event that it is named in an action in which that deed of trust is the subject, and in the

15   event that the trustee maintains a reasonable belief that it has been named in the action solely in
     its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the

16   performance of its duties as trustee."  Cal. Civ. Code § 2924l(a).  In the event that no objection is
     served within 15 days plus 5 days from the date of service, the trustee shall not be required to

17   participate in the action and shall not be subject to any damages.  Id. at § 2924l(b), (d).  Here,
     plaintiff allegations indicate that NDEX West, LLC was acting as trustee with regard to the deed

18   of trust at issue in this action.  (E.g., ECF No. 1-1 at 3-4, 8.)  Furthermore, NDEX West, LLC's
     declaration demonstrates that it was appointed as the substitute trustee under the deed of trust at

19   issue in this action through a document recorded with the Solano County Recorder's Office on
     January 20, 2015.  (Id. at 71.)  The record reflects that plaintiff never objected to NDEX West,

20   LLC's declaration of nonmonetary status.  Accordingly, the court recognizes that NDEX West,
     LLC is a nominal party to this action not subject to plaintiff's claims for monetary damages.

21

22   [4] In her opposition to defendant's motion to dismiss, plaintiff asserts that this action was
     improperly removed to federal court because the court does not have subject matter jurisdiction

23   over this case.  This argument is not well taken as this action clearly falls within this court's
     diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  The mortgage loan secured by the

24   deed of trust at issue in this action is alleged to have been $1,230,000.00, well in excess of the
     over $75,000 amount in controversy requirement.  (ECF No. 1-1 at 8.)  Furthermore, the parties

25   are of diverse citizenship; plaintiff is a resident of California and defendant is a resident of South
     Dakota.  (ECF No. 1-1 at 3, 93-98.)  While NDEX West, LLC's citizenship is not considered for

26   purposes of diversity due to its nominee status under Cal. Civ. Code § 2924l, see e.g., Shawcroft

27   v. Roundpoint Mortgage Servicing Corp., 2015 WL 6875097, at *3 (E.D. Cal. Nov. 10, 2015)

28   ("A defendant filing a [declaration of nonmonetary status] to which no objection is made is

1   pursuant to Federal Rules of Civil Procedure 12(b)(6).  (ECF No. 7.)  On May 11, 2015, after

2   failing to file an opposition to defendant's motion to dismiss, the court extended plaintiff's

3   deadline to make such a filing.  (See ECF No. 10.)  On June 9, 2015, after plaintiff again failed to

4   timely file an opposition to defendant's motion, the court recommended that this action be

5   dismissed with prejudice pursuant to Federal Rule of Procedure 41(b).  (ECF No. 11.)  On June

6   11, 2015, plaintiff filed an untimely opposition to defendant's motion to dismiss.  (ECF No. 12.)

7   Thereafter, Wells Fargo filed a response to plaintiff's opposition.  (ECF No. 13.)  The court

8   subsequently vacated its June 9, 2015 finding and recommendations in light of plaintiff's late

9   opposition and pro se status in order to address defendant's motion to dismiss on the merits.

10  (ECF No. 14.)

11              B.      *Factual Allegations*

12          The background facts are taken from plaintiff's complaint, the documents attached to the

13  complaint, and documents properly subject to judicial notice.[5]  On July 20, 2007, plaintiff

14  borrowed $1,230,000.00 from World Savings Bank, FSB, pursuant to a written promissory note

15  secured by a deed of trust on real property located at 814 Bridle Ridge Drive, Fairfield, California

16  94534-6743 ("Bridle Ridge Property").  (ECF No. 1-1 at 8, 32-47.)  The deed of trust names

17  "World Savings Bank, FSB, its successors and/or assignees" as the lender and beneficiary,[6] and

18  names "Golden West Savings Association Service Co." as the trustee.[7]  (Id. at 33-34.)

19  ////

20

21  deemed a nominal party whose citizenship need not be considered for purposes of diversity
    jurisdiction."), its status as a citizen of Delaware, Texas, and New Hampshire (ECF No. 1 at 3-4)

22  would not defeat the existence of complete diversity in this action.  Furthermore, as discussed in
    more detail below, it also appears that plaintiff attempts to assert several federal law claims, thus

23  also invoking this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

24  [5] The court's discussion of defendant's request for judicial notice in support of its motion to
    dismiss (ECF No. 8) is set forth below.

25

26  [6] As discussed in more detail below, defendant became the lender and beneficiary under the deed
    of trust after it acquired World Savings Bank, FSB via a series of mergers and name changes.

27
    [7] The nominal defendant NDEX West, LLC was later substituted as trustee under the deed of
28  trust.

Plaintiff alleges that defendant failed to perfect a security interest in the loan because it subsequently attempted but failed to lawfully assign the promissory note to an unknown third party.  (Id. at 8.)  Plaintiff also alleges that defendant and its agents have attempted to collect on the promissory note and enforce the deed of trust despite the fact that they did not have any legal right to do so.  (Id.)  Plaintiff further alleges that defendant does not have a security interest in the mortgage loan because the promissory note and deed of trust were never properly assigned to defendant as a result of the mortgage loan being securitized and pooled with other mortgages pursuant to a Pooling and Servicing Agreement ("PSA"), the terms of which defendant violated.  (Id. at 10-13.)

Plaintiff also alleges that NDEX West, LLC, acting as defendant's agent, unlawfully recorded a "Notice of Default and Election to Sell Under the Deed of Trust" for the Bridle Ridge Property in the County Recorder's Office for Solano County on December 22, 2009, in an attempt to deprive plaintiff of her interest in the property.  (Id. at 9.)  Plaintiff further claims that during the 30 day period prior to the date the notice of default was recorded, defendant failed to contact plaintiff "in order to assess her financial situation or to explore options to avoid foreclosure and consider or offer a possible permanent loan modification."  (Id. at 14.)  In addition, she contends that defendant concealed the fact that the mortgage on the Bridle Ridge Property would be securitized and the terms of any agreements underlying that securitization when she entered into the loan contract.  (Id. at 17-18.)

Based on these allegations, plaintiff alleges the following nine causes of action:  (1) violations of California Civil Code § 2923.5; (2) injunctive relief; (3) fraud in the concealment; (4) intentional infliction of emotional distress; (5) slander of title; (6) quiet title; (7) declaratory relief; (8) rescission; and (9) violation of California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*  (Id. at 13-30.)  Plaintiff also appears to assert claims for violations under the Real Estate Settlement Procedures Act ("RESPA"), Truth in Lending Act ("TILA"), and Fair Debt Collection Practices Act ("FDCPA").  (Id. at 7-8.)

////

////

4

1    II.    Legal Standards

2         A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

3    challenges the sufficiency of the pleadings set forth in the complaint.  Vega v. JP Morgan Chase

4    Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

5    of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

6    plain statement" of the plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2);

7    see also Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to

8    dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

9    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl.

10   Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff

11   pleads factual content that allows the court to draw the reasonable inference that the defendant is

12   liable for the misconduct alleged."  Id.

13        In considering a motion to dismiss for failure to state a claim, the court accepts all of the

14   facts alleged in the complaint as true and construes them in the light most favorable to the

15   plaintiff.  Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

16   however, required to accept as true conclusory allegations that are contradicted by documents

17   referred to in the complaint, and [the court does] not necessarily assume the truth of legal

18   conclusions merely because they are cast in the form of factual allegations."  Paulsen, 559 F.3d at

19   1071.  The court must construe a pro se pleading liberally to determine if it states a claim and,

20   prior to dismissal, tell a plaintiff of deficiencies in her complaint and give the plaintiff an

21   opportunity to cure them if it appears at all possible that the plaintiff can correct the defect.  See

22   Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica

23   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally

24   construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d

25   338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally

26   even when evaluating them under the standard announced in Iqbal).

27   ////

28   ////

1        In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

2    consider only allegations contained in the pleadings, exhibits attached to the complaint, and

3    matters properly subject to judicial notice."  Outdoor Media Grp., Inc. v. City of Beaumont, 506

4    F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

5    consider a memorandum in opposition to a defendant's motion to dismiss to determine the

6    propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corr., 151 F.3d 1194, 1197

7    n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to

8    grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

9        Before turning to defendant's motion to dismiss, the court first considers defendant's

10   request for judicial notice.

11   III.    Defendant's Request for Judicial Notice

12        Defendant requests that the court take judicial notice of documents allegedly related to

13   plaintiff's claims.  Plaintiff does not dispute defendant's request.  Specifically, defendant requests

14   that the court take judicial notice of the following:  (1) Documents from the Office of Thrift

15   Supervision, Federal Deposit Insurance Corporation, and Comptroller of the Currency

16   Administrator of National Banks demonstrating a series of mergers and name changes that

17   resulted in World Savings Bank, FSB merging into Wells Fargo Bank, N.A, consisting of the

18   following:  (i) Certificate of Corporate Existence dated April 21, 2006, issued by the Office of

19   Thrift Supervision, Department of the Treasury ("OTS"), certifying that World Savings Bank,

20   FSB, was a federal savings bank; (ii) OTS Letter dated November 19, 2007; (iii) Charter of

21   Wachovia Mortgage, FSB, effective December 31, 2007, and signed by the Director of the OTS,

22   reflecting in Section 4 that Wachovia was subject to the Home Owner's Loan Act and the OTS;

23   (iv) Official Certification of the Comptroller of the Currency ("OCC") stating that effective

24   November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A.,

25   which then merged with and into Wells Fargo Bank, N.A.; (iv) Federal Deposit Insurance

26   Corporation ("FDIC") profile and history of World Savings Bank, FSB, dated March 14, 2012,

27   from the FDIC's official website, reflecting its primary regulator as the OTS; (2) Adjustable Rate

28   Mortgage Note, Pick-A-Payment Loan dated July 20, 2007 for the Bridle Ridge Property; (3)

1  Deed of Trust dated July 20, 2007 for the Bridle Ridge Property, recorded July 26, 2007 in the

2  Solano County Recorder's Office as Document No. 200700082078; (4) Notice of Default and

3  Election to Sell Under Deed of Trust for the Bridle Ridge Property, dated December 22, 2009,

4  and recorded December 23, 2009, in the Solano County Recorder's Office as Document No.

5  200900109645; and (5) Notice of Rescission of Notice of Default for the Bridle Ridge Property,

6  dated April 29, 2010 and recorded May 3, 2010 in the Solano County Recorder's Office as

7  Document No. 201000040070.  (ECF No. 8, Exhs. A-E.)

8       A judicially noticed fact must be one not subject to reasonable dispute in that it is either

9  "(1) generally known within the territorial jurisdiction of the trial court or (2) can be accurately

10  and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R.

11  Evid. 201(b).  "A court shall take judicial notice if requested by a party and supplied with the

12  necessary information."  Fed. R. Evid. 201(d) (1984).  Judicially noticed facts often consist of

13  matters of public record.  For instance, "[j]udicial notice is appropriate for records and 'reports of

14  administrative bodies.'"  United States v. 14.02 Acres of Land More or Less in Fresno County,

15  547 F.3d 943, 955 (9th Cir. 2008) (quoting Interstate Natural Gas Co. v. Southern California Gas

16  Co., 209 F.2d 380, 385 (9th Cir. 1954)).

17       Generally, a court may not consider material beyond the complaint in ruling on a motion

18  to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Lee v. City of Los Angeles, 250

19  F.3d 668, 688 (9th Cir. 2001).  "However, '[a] court may take judicial notice of 'matters of public

20  record' without converting a motion to dismiss into a motion for summary judgment,' as long as

21  the facts noticed are not 'subject to reasonable dispute.'"  Intri-Plex Technologies, Inc. v. Crest

22  Grp., Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting Lee, 250 F.3d at 689 (citation omitted));

23  see also United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003).

24       Furthermore, under the doctrine of incorporation by reference, the court may consider a

25  document that a plaintiff "necessarily" relied on in the complaint if "(1) the complaint refers to

26  the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the

27  authenticity of the copy attached to the 12(b)(6) motion."  Marder v. Lopez, 450 F.3d 445, 448

28  (9th Cir. 2006).  "The defendant may offer such a document, and the district court may treat such

1  a document as part of the complaint, and thus may assume that its contents are true for purposes

2  of a motion to dismiss under Rule 12(b)(6)."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir.

3  2003).

4        The court finds that judicial notice of the documents from the OTC, FDIC, and OCC

5  regarding the merger of World Savings Bank, FSB into Wells Fargo Bank, N.A is proper.  See,

6  e.g., Hines v. Wells Fargo Home Mortgage, Inc., 2014 WL 5325470, at *3 (E.D. Cal. Oct. 17,

7  2014) (taking judicial notice of the exact documents defendant seeks to have judicially noticed in

8  this action); Hite v. Wachovia Mortgage, 2010 WL 10065632 (E.D. Cal. June 11, 2010) (taking

9  judicial notice of nearly identical documents and collecting sources noticing similar documents).

10  Accordingly, it takes judicial notice of them.

11        Similarly, the documents recorded in the Solano County Recorder's Office, i.e., the Deed

12  of Trust, Notice of Default and Election to Sell Under Deed of Trust, and Notice of Rescission of

13  Notice of Default, are in the public record; therefore they are the proper subject of judicial notice.

14  See, e.g., Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (taking

15  judicial notice of records of county recorder); Fimbres v. Chapel Mortgage Corp., 2009 WL

16  4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of a deed of trust, notice of

17  default, notice of trustee's sale, assignment of deed of trust, and substitution of trustee, as each

18  was a public record); Maguca v. Aurora Loan Services, 2009 WL 3467750, at *2 n. 2 (C.D. Cal.

19  Oct. 28, 2009) ("The Court takes judicial notice of the notice of default, as it is a public record");

20  Angulo v. Countrywide Home Loans, Inc., 2009 WL 3427179, at *3 n. 3 (E.D. Cal. Oct. 26,

21  2009) ("The Deed of Trust and Notice of Default are matters of public record. As such, this court

22  may consider these foreclosure documents.").

23        Finally, defendant contends that the Adjustable Rate Mortgage Note, Pick-A-Payment

24  Loan for the Bridle Ridge Property is properly subject to consideration by the court under the

25  incorporation by reference doctrine because this document "is attached to, referred to in, and/or

26  forms the basis of the allegations in plaintiff's complaint ."  (ECF No. 8 at 3.) The court takes

27  consideration of this document because it meets the requirements set forth in Marder, 450 F.3d at

28  448.

IV.     **Defendant's Motion to Dismiss**

       A.      *Wells Fargo's Ownership Interest in the Subject Property*

       As an initial matter, many of plaintiff's claims against defendant appear to be premised on the conclusory allegations that defendant has no ownership interest in the mortgage loan on the Bridle Ridge Property and that it unlawfully sold and/or assigned plaintiff's ownership interest in the property to an unspecified third party by securitizing the underlying loan in violation of the terms of the PSA governing that securitization.  Based on these allegations, plaintiff alleges that defendant lacked the standing of a beneficiary to enforce the deed of trust when the notice of default was recorded.

        First, the documents attached to the complaint and the judicially-noticed documents show that defendant is the lender and beneficiary under the loan as World Savings Bank's successor in interest.  The note and deed of trust attached as Exhibit B to the complaint identify "World Savings Bank, FSB, its successors and/or assignees" as the lender and beneficiary of the mortgage, and the judicially-noticed documents demonstrate that World Savings Bank, FSB ultimately merged into Wells Fargo Bank, N.A.  Accordingly, to the extent plaintiff premises her claim that defendant has no interest in the mortgage at issue on this basis, it is without factual support.  See Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009) ("[The court is] not . . . required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

       Similarly, plaintiff's assertion that defendant has no interest in the loan or has no standing to enforce the deed of trust based on the allegations that defendant securitized the loan and violated the terms of the PSA underlying that securitization fails to provide a basis on which to assert a cognizable claim against defendant.  Indeed, as one California court has noted:

> Courts have rejected homeowners' claims that securitization inherently changes
> the roles of the original parties.  The securitization of a loan does not in fact alter
> or affect the legal beneficiary's standing to enforce the deed of trust.
> Securitization merely creates a separate contract, distinct from plaintiffs' debt
> obligations under the note and does not change the relationship of the parties in

1  any way.

2  Mendoza v. JPMorgan Chase Bank, N.A., 228 Cal. App. 4th 1020, 1029-30 (Cal. Ct. App. 2014)

3  (citations and quotation marks omitted); see also Brown v. U.S. Bancorp, 2012 WL 665900, at *4

4  (C.D. Cal. Feb. 27, 2012) ("[T]he Court finds that plaintiffs lack standing to challenge the process

5  by which their mortgage was securitized because they are not a party to the PSA.").  Accordingly,

6  plaintiff's factual allegations fail to demonstrate that defendant was not the beneficiary under the

7  deed of trust or otherwise did not have the authority to foreclose due to its alleged securitization

8  of the loan and violation of the terms of the PSA.

9       California courts have recognized that the comprehensive California foreclosure scheme

10 does not permit a general challenge to the authority of an entity to foreclose on a deed of trust,

11 absent a specific factual basis that demonstrates no authority.  See Hinojosa v. Wells Fargo Bank,

12 2012 WL 3313554, at *3 (N.D. Cal. Aug. 13, 2012); Mueller v. Bank of Am., N.A., 2012 WL

13 3134243, at *9 (S.D. Cal. Aug. 1, 2012); Visendi v. Bank of Am. Corp., 2012 WL 2377086, at

14 (E.D. Cal. June 21, 2012); Brown, 2012 WL 665900, at *4; Siliga v. Mortgage Electronic

15 Registration Systems, 219 Cal. App. 4th at 82-85 (Cal. Ct. App. 2013); Jenkins v. JPMorgan

16 Chase Bank, N.A., 216 Cal. App. 4th 497, 512-13 (Cal. Ct. App. 2013); Gomes v. Countrywide

17 Home Loans, Inc., 192 Cal. App. 4th 1149, 1154-55 (Cal. Ct. App. 2011).  Here, plaintiff's

18 allegations fail to provide a factual basis demonstrating that defendant did not have such

19 authority.  To the contrary, the documents attached to the complaint and judicially-noticed

20 documents demonstrate that defendant was the beneficiary under the deed of trust, and therefore

21 had the authority to foreclose under the circumstances alleged in the complaint.  Accordingly, the

22 court finds that the complaint should be dismissed insofar as it attempts to assert any claim or

23 claims based on the theory that defendant was not the beneficiary under the deed of trust or

24 otherwise did not have the authority to initiate foreclosure proceedings.

25       B.      *Claim for Violations of California Civil Code § 2923.5*

26       In addition to her general allegations regarding defendant's lack of interest in the

27 mortgage, plaintiff also asserts nine discrete causes of action.  Plaintiff alleges in her first claim

28 that defendant failed to contact her in order to assess her financial situation or explore options to

10

avoid foreclosure during the 30-day period prior to the recording of the notice of default on December 22, 2009.

Section 2923.5 requires a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent to contact a borrower "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default against the borrower. Cal. Civ. Code § 2923.5(a)(2). Failure to comply with this requirement is excused if the borrower could not be reached despite "due diligence," as defined in the statute. Id. § 2923.5(g). A mortgagee or beneficiary has satisfied the due diligence requirement if it was not able to contact the borrower after (1) mailing a letter containing certain information; (2) then calling the borrower "by telephone at least three times at different hours and on different days"; (3) mailing a certified letter, with return receipt requested, if the borrower does not call back within two weeks; (4) providing a telephone number to a live representative during business hours; and (5) posting a link on the homepage of its Internet Web site with certain information. Id.

Under section 2923.5, a mortgagee may file a notice of default only thirty days after it either made the initial contact with the borrower or satisfied the due diligence requirements. Id. § 2923.5(a)(1). A mortgagee must also provide a declaration stating that the buyer has been contacted or could not be reached despite due diligence along with the notice of default. Id. § 2923.5(b). The sole remedy for noncompliance with the procedural requirements of section 2923.5 is postponement of a foreclosure sale until there has been compliance with the statute. Argueta v. J.P. Morgan Chase, 787 F. Supp. 2d 1099, 1107 (E.D. Cal. 2011) (The only remedy for violation of [California Civil Code § 2923.5] is postponement of a foreclosure sale until there has been compliance with the statute."); Skov v. U.S. Bank Nat. Assn., 207 Cal. App. 4th 690, 696 (6th Dist. 2012) ("The only remedy for noncompliance with [California Civil Code § 2923.5] is the postponement of the foreclosure sale."); Mabry v. Super. Ct., 185 Cal. App. 4th 208, 223 (4th Dist. 2010) ("If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed. The available, existing remedy is . . . to postpone the sale until there has been compliance with section 2923.5."); see also

1    Benson v. Ocwen Loan Servicing, LLC, 562 Fed. App'x 567, 570 (9th Cir. 2014) (unpublished)

2    ("[Plaintiff's section 2923.5] claim fails because the foreclosure sale has already occurred, and

3    therefore [plaintiff] has no available remedy.").

4         Here, there is no allegation that a foreclosure sale of the Bridle Ridge Property is pending,

5    or even that defendant or another party ever initiated non-judicial foreclosure proceedings beyond

6    the recording of a notice of default on December 22, 2009.  Moreover, the judicially noticed facts

7    demonstrate that defendant recorded a notice of rescission of the notice of default on May 3, 2010

8    (ECF No. 8 at 45), and nothing in the complaint indicates that defendant later filed a second

9    notice of default or made any other attempts to initiate foreclosure proceedings on the Bridle

10   Ridge Property.  Because plaintiff's sole recourse under section 2923.5 would be to obtain a

11   postponement of an impending foreclosure, and the allegations and judicially noticed facts

12   establish that there is no impending foreclosure, plaintiff cannot successfully assert a claim for

13   violations of that statute.  Accordingly, the court recommends that plaintiff's first cause of action

14   be dismissed with prejudice.

15         C.    *Claim for Injunctive Relief*

16         Second, plaintiff requests both preliminary and permanent injunctive relief preventing

17   defendant from foreclosing on the Bridle Ridge Property.  As an initial matter, plaintiff's request

18   for a preliminary injunction fails to comply with this court's Local Rule 231(d).  Furthermore, in

19   order to obtain preliminary injunctive relief, plaintiff must show that she is likely to succeed on

20   the merits of her claims.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).

21   For the reasons discussed both above and below, the court finds that plaintiff's complaint fails to

22   state a cognizable claim for relief.  Accordingly, plaintiff fails to demonstrate that she is entitled

23   to preliminary injunctive relief.

24         With regard to plaintiff's claim for permanent injunctive relief, numerous federal courts

25   have held that "injunctive relief is a remedy that derives from the underlying claims, not an

26   independent claim."  Bridgeman v. United States, 2011 WL 221639, at *17 (E.D. Cal. Jan. 21,

27   2011); see also Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1104 (E.D.

28   Cal.2010); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F. Supp. 2d 1039, 1049 (N.D. Cal.

2009); Schimsky v. U.S. Ofc. of Personnel Mgmt., 587 F. Supp. 2d 1161, 1168 (S.D. Cal. 2008); Cox Comm'n PCS, L.P. v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002); accord Marlin v. Aimco Venezia, LLC, 154 Cal. App. 4th 154, 162 (Cal. Ct. App. 2007).  For this reason alone, plaintiff's "claim" for injunctive relief is not cognizable.  Furthermore, as discussed both above and below, plaintiff's other claims do not provide an underlying basis to support her request for injunctive relief.  Accordingly, the court recommends plaintiff's second cause of action be dismissed with prejudice.

> D.   *Claim for Fraud in the Concealment*

Third, plaintiff asserts a claim for fraud in the concealment against defendant based on allegations that defendant concealed from plaintiff the fact that her mortgage loan for the Bridle Ridge Property was securitized and the terms of the agreements underlying that securitization when she entered into the mortgage in 2007.  Specifically, plaintiff alleges that "Defendant concealed the fact that Borrower's loan changed in character inasmuch as no single party would hold the Note but rather the Notes would be included in a pool with other notes, split into tranches, and multiple investors would effectively buy shares of the income stream from the loans."  (ECF No. 1-1 at 18.)

The elements of a fraud claim under California law are:  (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996).  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action."  Conrad v. Bank of America, 45 Cal.App.4th 133, 156 (1996).  "The absence of any one of these required elements will preclude recovery."  Wilhelm v. Pray, Price, Williams & Russell, 186 Cal.App.3d 1324, 1332 (1986).  To establish fraud through concealment, a plaintiff must show that the defendant had a duty to disclose the concealed facts.  OCM Principal Opportunities Fund v. CIBC World Mkts. Corp., 157 Cal. App. 4th 835, 845 (Cal Ct. App. 2007).  "In addition, for a viable cause of action for fraud, the pleading must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated."  Nagy v. Nagy,

1   210 Cal. App. 3d 1262, 1269 (Cal. Ct. App. 1989); Zumbrun v. University of Southern

2   California, 25 Cal. App. 3d 1, 12 (Cal. Ct. App. 1972).

3          Here, plaintiff cannot, as a matter of law, establish that she suffered damages as a result of

4   defendant's concealment of the fact that her mortgage was securitized.  "[S]ecuritization merely

5   creates a separate contract, distinct from plaintiff['s] debt obligations under the note and does not

6   change the relationship of the parties in any way."  Reyes v. GMAC Mortgage LLC, 2011 WL

7   1322775, at *3 (D. Nev. Apr. 5, 2011) (dismissing fraud claim based on defendant's failure to

8   disclose securitization of plaintiffs' home loans because securitization "merely creates a separate

9   contract, distinct from plaintiffs' debt obligations under the note and does not change the

10  relationship of the parties in any way").  Therefore, the parties' rights and obligations regarding

11  the Bridle Ridge Property mortgage loan were not impacted in any manner by the fact that

12  defendant securitized that loan or the terms of the separate agreement underlying that

13  securitization.  The mere fact that defendant allegedly concealed the information concerning

14  securitization of the loan could not have caused the damages plaintiff alleges, which are based on

15  defendant's actions in seeking to enforce the deed of trust.  Accordingly, the information plaintiff

16  alleges defendant concealed has no causal connection to the damages she alleges in the complaint.

17  See Nagy, 210 Cal. App. 3d at 1269 ("[T]he pleading must show a cause and effect relationship

18  between the fraud and damages sought . . . .").  Therefore, the court recommends that plaintiff's

19  claim for fraud in the concealment be dismissed with prejudice.[8]  See id. ("Fraudulent

20  representations which work no damage cannot give rise to an action at law.").

21  ////

22  ////

23

---

24  [8] In addition, plaintiff also fails to plead the alleged fraud with the particularity required under
    Federal Rule of Civil Procedure 9(b).  Furthermore, plaintiff does not allege that defendant had a

25  duty to disclose the information it allegedly concealed, which is necessary to sustain a fraud claim
    based on a theory of concealment.  OCM Principal Opportunities Fund, 157 Cal. App. 4th at 845.

26  Finally, plaintiff fails to show that her fraud claim falls within the three year statute of limitations

27  period for fraud claims pursuant to California Code of Civil Procedure § 338(d).  Plaintiff alleges
    that she entered into the mortgage loan in 2007, but did not file this action until January 20, 2015,

28  well beyond the three year limitations period.

1          E.      *Intentional Infliction of Emotional Distress Claim*

2          Plaintiff's fourth cause of action against defendant is based on a theory of intentional

3   infliction of emotional distress ("IIED").  Specifically, plaintiff alleges that defendant initiated

4   fraudulent foreclosure proceedings against the Bridle Ridge Property with the intent to cause

5   plaintiff emotional distress, and which caused plaintiff such distress.  (ECF No. 1-1 at 19-20.)

6          The elements of a claim for IIED are as follows: "(1) extreme and outrageous conduct by

7   the defendant with the intention of causing, or reckless disregard of the probability of causing,

8   emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3)

9   actual and proximate causation of the emotional distress by the defendant's outrageous conduct."

10  Ess v. Eskaton Props., Inc., 97 Cal.App.4th 120, 129 (2002) (quoting Cervantez v. J.C. Penney

11  Co., 24 Cal.3d 579, 593, 156 (1979)).  Outrageous conduct must be "so extreme as to exceed all

12  bounds of that usually tolerated in a civilized community."  Potter v. Firestone Tire & Rubber

13  Co., 6 Cal. 4th 965, 1001 (1993).  Emotional distress is "severe" when it is "of such substantial

14  quantity or enduring quality that no reasonable man in a civilized society should be expected to

15  endure it."  Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).  The defendant's

16  conduct must have been intended to inflict injury or be done with the realization that injury will

17  result.  Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991).  Moreover, the defendant's

18  conduct must have been "directed at the plaintiff, or occur in the presence of a plaintiff of whom

19  the defendant is aware."  Id.  Similarly, if the defendant had another stated purpose for his or her

20  behavior, the other, lawful purpose may preclude a finding of intent to inflict distress.  See

21  Davidson v. City of Westminster, 32 Cal. 3d 197, 209 (1982).  The California Supreme Court has

22  further explained:

23          "The law limits claims of intentional infliction of emotional distress to egregious
            conduct toward plaintiff proximately caused by defendant." . . . The only
24          exception to this rule is that recognized when the defendant is aware, but acts with
            reckless disregard, of the plaintiff and the probability that his or her conduct will
25          cause severe emotional distress to that plaintiff. . . . Where reckless disregard of
            the plaintiff's interests is the theory of recovery, the presence of the plaintiff at the
26          time the outrageous conduct occurs is recognized as the element establishing a
            higher degree of culpability which, in turn, justifies recovery of greater damages
27          by a broader group of plaintiffs than allowed on a negligent infliction of emotional

28

1   distress theory. . . .

2   Christensen, 54 Cal. 3d at 905-06 (citations omitted).

3       Here, plaintiff fails to allege facts demonstrating that defendant engaged in the sort of

4   extreme or outrageous conduct necessary to state a cognizable IIED claim.  Plaintiff alleges that

5   defendant attempted to initiate fraudulent foreclosure proceedings on the Bridle Ridge Property,

6   but the documents attached to the complaint and the judicially noticed documents demonstrate

7   that defendant did not attempt to foreclose on the property at any time.  Indeed, Exhibit B to the

8   complaint demonstrates that defendant recorded a notice of default against the Bridle Ridge

9   Property on December 22, 2009, and the judicially noticed Notice of Rescission of Notice of

10  Default (ECF No. 8, Exh., E.) shows that defendant rescinded that notice of default on April 29,

11  2010.  There are no allegations that defendant at any time actually initiated the foreclosure

12  process beyond asserting that it had the right to do so in the notice of default that it subsequently

13  rescinded.  It cannot be said that defendant's act of recording a notice of default and subsequent

14  rescission of that notice amounted conduct "so extreme as to exceed all bounds of that usually

15  tolerated in a civilized community" under the circumstances alleged in the complaint.  Potter, 6

16  Cal. 4th at 1001.  Because plaintiff's allegations do not show that defendant engaged in

17  sufficiently extreme or outrageous conduct, plaintiff fails to state a cognizable claim for IIED.

18  Accordingly, the court recommends that plaintiff's IIED claim be dismissed with prejudice.

19       F.      *Slander of Title Claim*

20       Fifth, plaintiff claims that defendant slandered her title to the Bridle Ridge Property when

21  it recorded the notice of default.

22       "[S]lander or disparagement of title occurs when a person, without a privilege to do so,

23  publishes a false statement that disparages title to property and causes the owner thereof some

24  special pecuniary loss or damage."  Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings,

25  LLC, 205 Cal. App. 4th 999, 1030 (Cal. Ct. App. 2012).  In order to successfully allege a claim

26  for slander of title under California law, the plaintiff must be able to allege facts demonstrating

27  the following elements:  (1) publication; (2) falsity; (3) absence of privilege; (4) disparagement of

28  the plaintiff's land which is relied upon by a third party and which results in (5) pecuniary loss.

16

1  Gudger v. Manton, 21 Cal.2d 537, 541, 134 P.2d 217 (1943), overruled on other grounds by

2  Albertson v. Raboff, 46 Cal.2d 375, 381, 295 P.2d 405 (1956).

3         "Any statutorily required mailings, publication, and delivery of notices in connection with

4  a non-judicial foreclosure, and the performance of any statutory procedures by a trustee and

5  beneficiary, are "'privileged communications under the qualified, common-interest privilege of

6  [California Civil Code] Section 47, subdivision (c)(1).'" Ismail v. Wells Fargo Bank, N.A., 2013

7  WL 930611, at *6 (E.D. Cal. Mar. 8, 2013) (quoting Kachlon v. Markowitz, 168 Cal. App. 4th

8  316, 333 (Cal. Ct. App. 2008)).  Accordingly, a defendant is protected by a qualified privilege

9  when it publishes and delivers any notices in the foreclosure of a property, and in performing any

10  statutory foreclosure procedures.  In order to overcome this privilege, a plaintiff must make

11  affirmative allegations of actual malice.  See Smith v. Hatch, 271 Cal. App. 2d 39, 47 (Cal. Ct.

12  App. 1969).  Actual malice exists when "the publication was motivated by hatred or ill will

13  towards the plaintiff or by a showing that the defendant lacked reasonable grounds for belief in

14  the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights."

15  Kachlon, 168 Cal. App. 4th at 336 (citing Sanborn v. Chronicle Pub. Co., 18 Cal. 3d 406, 413

16  (1976)).

17         Here, the complaint presents no allegations beyond conclusory statements to indicate

18  defendant or its agents acted with malice.  (See ECF No. 1-1 at 22 ("Defendants knew the

19  documents were false and created and published them with malicious intent to injure Plaintiff

20  and deprive them [sic] of their [sic] exclusive right, title, and interest in the Property . . . .")).

21  Accordingly, plaintiff fails to demonstrate that defendant did not have a qualified privilege to

22  publish and deliver the foreclosure notice.

23         More importantly, the allegations of the complaint and the judicially noticed documents

24  show that plaintiff cannot plausibly demonstrate that she suffered pecuniary harm as a result of

25  defendant's publication of the notice of default.  Indeed, the judicially noticed facts demonstrate

26  that the notice of default was rescinded on April 29, 2010, therefore demonstrating that plaintiff

27  could not have suffered monetary damages as a result of the notice of default after that date

28  because it could no longer disparage plaintiff's title to the land.  Furthermore, plaintiff does not

1    allege that she attempted to sell the Bridle Ridge Property but was unable to do so, or was offered

2    less money as a result of the recorded notice of default while it was in place.  Nor does plaintiff

3    allege anything indicating that she suffered any other form of pecuniary harm as a result of the

4    recorded notice of default prior to its rescission.

5           Moreover, even if plaintiff were capable of alleging that she suffered from pecuniary

6    damages resulting from the publication of the notice of default during the time between the date

7    of its initial recording on December 22, 2009, and the date on which it was rescinded, such a

8    claim would be barred by the three year statute of limitations period applicable to claims for

9    slander of title under California law.  Cal. Code Civ. Proc. § 338(g).  The last date on which the

10   plaintiff's pecuniary interest could have been harmed was April 29, 2010, the date on which

11   defendant rescinded its notice of default.  Plaintiff did not file this action in the Solano County

12   Superior Court until January 20, 2015, almost five years later.  While the court acknowledges

13   that, under California law, a cause of action for slander or libel, including slander of title, does not

14   accrue until the plaintiff "could reasonably be expected to discover its existence," Arthur v.

15   Davis, 126 Cal. App. 3d 684, 692 (Cal. Ct. App. 1981), and the complaint here gives no

16   indication as to when plaintiff allegedly discovered the alleged slander to her property's title, the

17   court finds that plaintiff could not allege facts plausibly stating a cause of action for slander of

18   title that falls within the applicable limitations period under the circumstances alleged in the

19   complaint.  Under the facts alleged, the only way in which plaintiff could have conceivably

20   realized a pecuniary loss would have been during the roughly four month window of time when

21   the notice of default was clouding the title to the subject property, which was roughly 5 years

22   prior to the commencement of this action.  The court finds that it is simply not plausible that

23   plaintiff could have suffered such pecuniary loss as a result of the notice of default without

24   reasonably being expected to have discovered its existence during that same four month period,

25   therefore placing the claim outside the applicable 3-year statute of limitations.  Accordingly, the

26   court recommends that plaintiff's claim for slander of title be dismissed with prejudice.

27   ////

28   ////

18

G.     *Claim for Quiet Title*

Sixth, plaintiff seeks to quite title to the Bridle Ridge Property on the basis that defendant has no interest in the property.  The purpose of a quiet title action is to establish one's title against adverse claims to real property.   Cal. Code Civ. Proc. § 760.020.  A basic requirement of an action to quiet title is an allegation that plaintiffs "are the rightful owners of the property, i.e., that they have satisfied their obligations under the Deed of Trust."  Kelley v. Mortgage Elec. Reg. Sys., Inc., 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).  "[A] mortgagor cannot quiet his title against the mortgagee without paying the debt secured."  Watson v. MTC Financial, Inc., 2009 WL 2151782 (E.D. Cal. Jul.17, 2009) (quoting Shimpones v. Stickney, 219 Cal. 637, 649 (1934)).  As discussed above, the allegations and judicially-noticed documents establish that defendant holds an interest in the Bridle Ridge Property as the lender and beneficiary under the deed of trust.  Because plaintiff does not allege that she has paid the debt secured by the mortgage held by defendant in full, she cannot sustain a quiet title action.  Accordingly, the court recommends plaintiff's claim for quiet title be dismissed with prejudice.

H.     *Claim for Declaratory Relief*

Seventh, plaintiff requests declaratory relief in the form of a determination that plaintiff holds exclusive possession of the Bridle Ridge Property and that defendant holds no interest in that property.  Declaratory is not an independent claim, rather it is a form of relief.  Santos v. Countrywide Home Loans, 2009 WL 3756337, at *5 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.").  Therefore, plaintiff's seventh cause of action fails to state a valid claim.  Moreover, because the court finds that plaintiff fails to allege another cognizable cause of action, plaintiff is not entitled declaratory relief sought in the complaint.  Accordingly, the court recommends that plaintiff's claim for declaratory relief be dismissed with prejudice.

I.     *Claim for Rescission*

For her eighth cause of action, plaintiff asserts that she "is entitled to rescind the loan and all accompanying documents."  (ECF No. 1-1 at 26.)  "However, rescission is not a freestanding cause of action, but rather relief that may be granted as a result of unlawful conduct."  Moreno v.

19

1    Citibank, N.A., 2010 WL 1038222, at *4 (N.D. Cal. Mar. 19, 2010) (unpublished); see also Cal.

2    Civ. Code §§ 1689, 1691-92.  Accordingly, a claim for rescission, standing by itself, cannot

3    constitute a cognizable cause of action.  If plaintiff intends to seek rescission, she must state a

4    claim for which rescission could be granted and plead for such relief as a remedy for that claim.

5    However, because the allegations of the complaint fail to state a cognizable claim for the reasons

6    discussed both above and below, plaintiff cannot plausibly plead a cause of action warranting

7    such relief.  Therefore, the court recommends this claim be dismissed with prejudice.

8           J.      *Claims under RESPA, TILA, and FDCPA*

9           Plaintiff also vaguely alleges throughout her complaint that defendant violated RESPA,

10   TILA, and the FDCPA without clearly stating what alleged conduct forms the basis for each of

11   these claims.  Accordingly, dismissal of these claims on the basis that they fail to meet the

12   pleading standards set forth in Federal Rule of Civil Procedure 8 is warranted.  More importantly,

13   however, any claims plaintiff could make under these Acts regarding any of the conduct alleged

14   in the complaint would be barred by the relevant statutes of limitations applicable to each of these

15   three Acts.  With regard to TILA, Title 15 U.S.C. § 1640(e) states: "Any action under this section

16   [creating a claim for damages] may be brought ... within one year from the date of occurrence of

17   the violation . . . ."  The Ninth Circuit Court of Appeals has held that any failure to disclose as

18   required by TILA occurs when the loan documents are signed.  Meyer v. Ameriquest Mortg. Co.,

19   342 F.3d 899, 902 (9th Cir. 2003).  Similarly, depending on the nature of the alleged violation,

20   RESPA requires a claim to be brought either within 1 year or 3 years "from the date of the

21   occurrence of the violation."  12 U.S.C. § 2614; Pedersen v. Greenpoint Mortg. Funding, Inc.,

22   2011 WL 3818560, at *7 (E.D. Cal. Aug. 29, 2011) (quoting Brewer v. Indymac Bank, 609 F.

23   Supp. 2d 1104, 1117 (E.D. Cal. 2009)) ("[A] claim under § 2607 must be brought within a year

24   after the 'date of the occurrence of the violation . . . .'").  Finally, 15 U.S.C. § 1692k(d) requires

25   that an action under the FDCPA must be commenced "within one year from the date on which the

26   violation occurs."

27   ////

28   ////

20

1     Here, the most recent conduct plaintiff alleges in her complaint took place on December

2     22, 2009, when the notice of default was alleged to have been unlawfully recorded in the Solano

3     County Recorder's Office.  Plaintiff filed her complaint in state court on January 20, 2015, over 5

4     years after this conduct occurred.  Accordingly, any claim under RESPA, TILA, or the FDCPA

5     arising from the conduct alleged in the complaint would necessarily be barred by the relevant

6     limitations periods.  Accordingly, the court recommends plaintiff's complaint be dismissed with

7     prejudice to the extent it attempts to allege claims under RESPA, TILA, or the FDCPA.

8          K.     *Claim for Violations of California Business & Professions Code § 17200*

9          Finally, plaintiff alleges that defendant violated California's Unfair Competition Law

10    ("UCL") as her ninth cause of action.  To prove a claim under the UCL, California Business &

11    Professions Code §§ 17200, *et seq*., a plaintiff must show "that the defendant committed a

12    business act that is either fraudulent, unlawful, or unfair."  Levine v. Blue Shield of California,

13    189 Cal. App. 4th 1117, 1136 (2010).  "A defendant cannot be liable under § 17200 for

14    committing 'unlawful business practices' without having violated another law."  Ingels v.

15    Westwood One Broad. Servs., Inc., 129 Cal. App. 4th 1050, 1060 (2005).  Accordingly, a UCL

16    claim must rest on a violation of some independent substantive statute, regulation or case law. See

17    Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377, 383 (1992) (action under section 17200

18    borrows violations of other laws).  Because plaintiff's UCL claim is predicated on the same

19    conduct giving rise to plaintiff's other causes of action and the complaint fails to state a

20    cognizable action for any of those claims, plaintiff's UCL claim should also be denied with

21    prejudice.

22    V.    Conclusion

23         In sum, the court finds defendant's motion to dismiss well taken and that the allegations of

24    plaintiff's complaint fail to state a cognizable cause of action.  Accordingly, the court

25    recommends that defendant's motion to dismiss be granted and this case be dismissed with

26    prejudice.  While the court would ordinarily allow an opportunity to amend the complaint to

27    address its inadequacies, the court finds that such a course of action is not warranted in this

28    instance because the factual allegations of the complaint and the judicially-noticed documents

make it clear that amendment would not cure the deficiencies in plaintiff's claims discussed above.[9]  See Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) ("In deciding whether justice requires granting leave to amend, factors to be considered include the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and *futility of the proposed amendment*." (emphasis added)).

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.      Defendant's motion to dismiss (ECF No. 7) be granted.

2.      This action be dismissed with prejudice.

3.      The Clerk of Court be directed to vacate all dates and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

---

[9] The court also notes that while NDEX West, LLC is a is a nominal party to this action pursuant to California Civil Code § 2924l, dismissal of this entire action with prejudice would still be proper even if it did not have such status because plaintiff's claims against this defendant are integrally related to those asserted against Wells Fargo Bank, N.A.  "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes *sua sponte* dismissal as to defendants who have not been served and defendants who have not yet answered or appeared.  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).  Here, all of plaintiff's claims against Wells Fargo Bank, N.A. are either also directed against NDEX West, LLC on the same alleged factual basis or are based on NDEX West, LLC's actions as trustee on Wells Fargo Bank, N.A.'s behalf.  Accordingly, even if NDEX West, LLC was not a nominal party to this action, and despite the fact that it has not moved to dismiss itself from this action as of this time, dismissal of this party would be proper for the reasons discussed above with regard to Wells Fargo Bank, N.A.

1  shall be served on all parties and filed with the court within fourteen (14) days after service of the

2  objections.  The parties are advised that failure to file objections within the specified time may

3  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

4  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5          IT IS SO RECOMMENDED.

6  Dated:  December 18, 2015

7

8  KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28